UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. HARRIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EUGENE NGUYEN, et al.,<br><br>　　　　　　Defendants. | No. 2:23-cv-00139-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915(a). For the reasons stated below, the court finds that plaintiff has not demonstrated that he is eligible to proceed in forma pauperis.

　　　　A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of court records reveals that plaintiff has incurred three strikes within the meaning § 1915(g). *See* (1) *Harris v. Janzen*, 2:08-cv-07207-UA-JC (C.D. Cal.) (November 19, 2008 order denying filing of complaint without prepayment of full filing fee after

1

determining that complaint failed to state a complaint upon which relief could be granted)[1]; (2) *Harris v. Bowerman*, No. 13-16457 (9th Cir.) (October 22, 2013 order denying motion to proceed in forma pauperis on ground that appeal was frivolous, and November 25, 2013 order dismissing appeal after plaintiff failed to respond to prior order)[2]; and (3) *Harris v. Director of Corrections*, 3:19-cv-03166-SI (N.D. Cal.) (December 2, 2019 order dismissing action as "legally frivolous").

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plaintiff's complaint makes no such showing. *See* ECF No. 1 (alleging that plaintiff has been denied gastric bypass surgery despite pain and inability to clean feet caused by weight gain and, as relief, seeking monetary damages and an order for the California Department of Corrections and Rehabilitation to perform the surgery).[3] Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, it is ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

---

[1] The Ninth Circuit has determined that an action that was similarly adjudicated – that is, denied filing without prepayment of full filing fee – constituted a strike. *See O'Neal v. Price*, 531 F.3d 1146, 1155 (9th Cir. 2008).

[2] The dismissal of this appeal, though technically one for failure to prosecute, also qualifies as a strike. *See O'Neal*, 531 F.3d at 1153 (complaint is "dismissed" for purposes of § 1915(g) even if dismissal is styled as denial of application to file the action without prepayment of the full filing fee); *see also, e.g., Lamon v. Junious*, No. 1:09-cv-00484-AWI-SAB, 2014 U.S. Dist. LEXIS 9778, at *9-10 (E.D. Cal. Jan. 27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where underlying ground for dismissal was that appeal was frivolous); *Thomas v. Beutler*, No. 2:10-cv-01300-MCE-CKD P, 2012 U.S. Dist. LEXIS 159943, at *5-6 (E.D. Cal. Nov. 6, 2012) (same, and citing similar cases); *Braley v. Wasco State Prison*, No. 1:07-cv-01423-AWI-BAM, 2012 U.S. Dist. LEXIS 133285 (E.D. Cal. Sept. 14, 2012) ("Plaintiff became subject to section 1915(g) . . . when the appeal of the dismissal of his third action as frivolous was dismissed for failure to prosecute").

[3] Plaintiff alleges that the responses to his inmate appeals indicate he could benefit from bariatric surgery but an appeal response attached as an exhibit to the complaint states that plaintiff's primary care provider noted that plaintiff is not a good candidate for bariatric surgery. ECF No. 1 at 3, 15.

Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, it is RECOMMENDED that:

    1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

    2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 15, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE